ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| LIZBETH RENOVALES MELÉNDEZ Y OTROS <br><br> Recurridos <br><br> v. <br><br> ARNALDO TOUSSETT BARBOT Y OTROS <br><br> Peticionarios | KLAN202400842 | Apelación que se acoge como *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Ponce <br><br> Caso Núm.: JD2024CV00167 <br><br> Sobre: Desahucio por incumplimiento y otros |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

Mediante el recurso de apelación del epígrafe, el cual acogemos como un auto de *certiorari*, comparece el codemandado y peticionario, Sr. José Ermitanio Cruz Cruz (señor Cruz Cruz). Solicita que dejemos sin efecto una *Orden* emitida y notificada el 2 de agosto de 2024, por el Tribunal de Primera Instancia, Sala de Ponce (TPI). En dicha determinación, a solicitud de la parte demandante y recurrida —Lizbeth, José Ángel y Yazmín del Carmen, todos con apellidos Renovales Meléndez (Hermanos Renovales Meléndez)— el TPI anotó la rebeldía del compareciente y de la sociedad legal de gananciales.

**I.**

La presente causa se inició el 22 de marzo de 2024, ocasión en que los Hermanos Renovales Meléndez instaron una *Demanda* sobre nulidad de contrato y desahucio.[1] En esencia, alegaron que, junto a su madre, la Sra. Loida Meléndez Casiano (señora Meléndez

---

[1] Apéndice, págs. 2-9. El peticionario no incluyó el contrato de arrendamiento, anejado a la *Demanda*, del cual tomamos conocimiento; véase, entrada 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Número Identificador

RES2024_____

Casiano), eran los herederos del causante José Ángel Renovales Colón. Los Hermanos Renovales Meléndez indicaron que la señora Meléndez Casiano, en calidad de arrendadora, suscribió un contrato privado de arrendamiento por un término de diez años con la parte demandada, para el alquiler de un inmueble sito en Juana Díaz. Sostuvieron que el acuerdo contractual constituía un acto de disposición, el cual no contó con el consentimiento unánime de todos los herederos, por lo que adolecía de nulidad. Adujeron también que la parte demandada había incumplido varias cláusulas contractuales. A esos efectos, reclamaron el decreto de nulidad, así como el resarcimiento de daños. Además solicitaron una partida de honoraros por temeridad, ya que alegaron que la parte demandada hizo caso omiso al reclamo extrajudicial de los Hermanos Renovales Meléndez y los obligó a incurrir en gastos y gestiones evitables.

El diligenciamiento del emplazamiento del señor Cruz Cruz se efectuó el 4 de junio de 2024.[2] Transcurrido el término reglamentario, el 30 de julio de 2024, los Hermanos Renovales Meléndez solicitaron al TPI que anotara la rebeldía del señor Cruz Cruz.[3] Entonces, el 2 de agosto de 2024, compareció la representación legal del señor Cruz Cruz y solicitó una prórroga de treinta días para contestar la *Demanda*.[4] Indicó el abogado que había sido contratado el día anterior.

En respuesta, el TPI declaró No Ha Lugar la petición de prórroga.[5] Asimismo, el TPI dictó la *Orden* aquí impugnada el 2 de agosto de 2024, mediante la cual anotó la rebeldía del señor Cruz Cruz y la sociedad legal de gananciales.[6]

---

[2] Apéndice, págs. 10-11.
[3] Apéndice, págs. 12-13.
[4] Apéndice, págs. 14-15.
[5] Apéndice, pág. 16.
[6] Apéndice, pág. 1. Es meritorio señalar que el codemandado y coarrendatario, Arnaldo Toussett Barbot, compareció al pleito de manera oportuna. Véase, entrada 23 de SUMAC.

Así las cosas, el 7 de agosto de 2024, el señor Cruz Cruz solicitó la reconsideración de la decisión.[7] Con la petición, unió su *Contestación a la Demanda*.[8] Luego que el TPI ordenara la réplica de la parte demandante,[9] los Hermanos Renovales Meléndez instaron una *Moción en Cumplimiento de Orden*.[10] Ripostaron que el codemandado no compareció al pleito con anterioridad, sino hasta que se reclamó su rebeldía. Por igual, plantearon que la solicitud de prórroga fue incoada una vez el término para ello había expirado. Aseveraron que el codemandado falló en poner en posición al TPI para levantar la rebeldía anotada.

Ponderadas las posturas, el 26 de agosto de 2024, el TPI declaró No Ha Lugar la reconsideración a la anotación de rebeldía.[11] Insatisfecho, el señor Cruz Cruz interpuso el recurso que nos ocupa y señaló la comisión del siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO RELEVAR LA ANOTACIÓN DE REBELDÍA AL CODEMANDADO.

Los Hermanos Renovales Meléndez presentaron una *Oposición a Solicitud de Certiorari* el 23 de septiembre de 2024. Con el beneficio de su comparecencia, resolvemos.

**II.**

**A.**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las cuales este foro intermedio tiene autoridad para atender los recursos de *certiorari*. En su parte pertinente, la norma dispone como sigue:

. . . . . . . .

> **El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el**

---

[7] Apéndice, págs. 17-23.
[8] Apéndice, págs. 24-31.
[9] Apéndice, pág. 32.
[10] Apéndice, págs. 33-35.
[11] Apéndice, pág. 36.

**Tribunal de Apelaciones cuando se recurra** de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y **por excepción** a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, **anotaciones de rebeldía**, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión**. (Énfasis nuestro).

.        .        .        .        .        .        .        .

La regla procesal fija taxativamente los asuntos aptos para la revisión interlocutoria mediante el recurso de *certiorari*, así como aquellas materias que, por excepción, ameritan nuestra intervención adelantada, ya fuese por su naturaleza o por el efecto producido a las partes. *800 Ponce de León v. AIG, supra,* pág. 175.

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari*, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*, 4 LPRA Ap. XXII-B, R. 40. Así reza:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Claro está, **es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional**, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018), que cita con aprobación a *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000); *Meléndez Vega v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

**B.**

La Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1 gobierna la anotación de rebeldía. En lo atinente, la rebeldía se ha descrito como "la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal". *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011).[12] "Procede la anotación de rebeldía cuando el demandado no cumple con el requisito de la regla de comparecer a contestar la demanda..." J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 1338. Es decir, se refiere a la instancia en que la parte demandada no comparece mediante su alegación responsiva. Tan pronto se declara

---

[12] Cita a R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, Ed. LexisNexis, 2010, Sec. 2701, pág. 287.

la rebeldía por la incomparecencia "se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde y se autoriza al tribunal para que dicte sentencia, si esta procede como cuestión de derecho". *Rivera Figueroa v. Joe's European Shop, supra,* pág. 590, reiterado en *Mitsubishi Motor v. Lunor y otros,* 212 DPR 807, 824 (2023). Claro está, aunque se tengan por aceptados los hechos correctamente alegados, ello no releva al tribunal de su obligación de evaluar si, en virtud de tales hechos, existe válidamente una causa de acción que amerite la concesión del remedio reclamado. *Rivera v. Insular Wire Products Corp.,* 140 DPR 912, 931 (1996). En general, la anotación de rebeldía tiene como fin disuadir a quienes recurren a la dilación de los procedimientos como un elemento de su estrategia en la litigación. *Ocasio v. Kelly Servs.,* 163 DPR 653, 670-671 (2005);[13] Cuevas Segarra, *op. cit.,* pág. 1339. Ello así, se propende a una solución justa, rápida y económica de todo procedimiento. 32 LPRA Ap. V, R. 1.

Si bien la Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.3, estatuye la faculta del tribunal para dejar sin efecto una anotación de rebeldía y favorece su interpretación liberal a favor del relevo de la anotación, la norma procesal exige una causa justificada para la incomparecencia. Esto es, el rebelde tiene que demostrar una causa justificada, una defensa meritoria y producir prueba adecuada que establezca una base legal o fáctica que apoye su defensa. Cuevas Segarra, *op. cit.,* pág. 1350.

### III.

En la presente causa, el señor Cruz Cruz alega que el TPI incidió al denegar su solicitud de relevo de la rebeldía anotada, debido a que la dilación no fue excesiva y, a su vez, ostenta defensas

---

[13] Cita a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* San Juan, Pubs. J.T.S., 2000, T. II, pág. 750.

razonables. Los recurridos, por su parte, aducen que la rebeldía se anotó cuando había transcurrido en exceso el término de treinta días que conceden las normas procesales. Plantean que el TPI ejerció adecuadamente su discreción al escoger el curso de acción aquí recurrido.

Conforme lo reseñado, el señor Cruz Cruz fue emplazado mediante entrega personal de la *Demanda* el 4 de junio de 2024. Vencido el término, la parte recurrida peticionó la anotación de rebeldía el 30 de julio de 2024; esto es, 56 días del diligenciamiento del emplazamiento. Posteriormente, el peticionario instó una moción de prórroga para presentar su alegación responsiva, por conducto de su representación legal. En ésta, sólo se informó que el día anterior el abogado había sido contratado. Sin embargo, el TPI decidió anotar la rebeldía del señor Cruz Cruz el 2 de agosto de 2024.

Al solicitar el relevo, el señor Cruz Cruz indicó que, al peticionar la prórroga como resultado de la reciente contratación de representación legal, el TPI no se había expresado en torno a la anotación de rebeldía pendiente. Apuntó que, sin embargo, en la misma fecha el TPI la anotó. Acotó que no tenía intención de dilatar los procedimientos, sino que debido a su situación económica no había contratado un abogado, quien procedió a investigar el expediente. Expresó que tenía defensas válidas y que el pleito estaba en etapa inicial.

En su defensa, la parte recurrida ripostó que el peticionario tuvo a su haber la opción de comparecer oportunamente por derecho propio, explicar su situación y solicitar una prórroga. Sin embargo, indicó que no fue hasta que se reclamó la rebeldía en su contra que compareció tardíamente. Afirmó que el señor Cruz Cruz estaba al tanto del tracto procesal y que no presentó una causa justificada.

Al justipreciar los argumentos de ambas partes litigantes, el TPI sostuvo su determinación original.

Del análisis sosegado del expediente ante nos, colegimos que no concurre una razón legítima que amerite la imposición de nuestro criterio sobre el del ejercido por el TPI. Opinamos que la determinación allegada no es producto de un abuso de discreción atribuible al foro impugnado, toda vez que se ajusta al marco reglamentario. Además, la anotación de rebeldía es un asunto que está vinculado a las determinaciones del TPI en cuanto al manejo de los casos ante su consideración. En tales instancias, este foro revisor se abstiene de intervenir, en ausencia de error, prejuicio o parcialidad al efectuar su determinación.

Ciertamente, del expediente ante esta curia no advertimos evidencia tendente a demostrar que el TPI fue arbitrario al anotar la rebeldía del señor Cruz Cruz y denegar el relevo del dictamen pronunciado. La negativa tampoco constituye un error en la aplicación de la Regla 45, *supra,* ni del Derecho sustantivo sobre la anotación de rebeldía, que justifique variar el curso establecido en primera instancia. En virtud de lo anterior, al amparo de los criterios que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* nos abstenemos de intervenir en este asunto. No identificamos fundamento alguno que justifique la expedición del auto de *certiorari* en aras de evitar un fracaso de la justicia.

**IV.**

Acorde con lo expuesto, acordamos denegar la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones